UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MARY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | No. 6:22-CV-7-REW |
| ) | |
| v. ) | |
| ) | ORDER |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Hartford Life and Accident Insurance Company ("Hartford") and Plaintiff Williams jointly move to dismiss without prejudice Hartford as defendant. DE 12. The parties further seek to substitute Aetna Life Insurance Company ("Aetna") as Defendant and amend the case caption accordingly. *See id.* This case arises under ERISA, with subject-matter jurisdiction predicated on Section 1331, and Plaintiff's complaint names Hartford as the issuing entity of a Group Policy for Plaintiff's former employer. *See* DE 1. The motion to substitute indicates that Aetna is the correct issuing entity under the policy. *Id.* The parties further state that counsel for Hartford also represents Aetna and the substitution "will not impact the remainder of the case schedule." *Id.* at 2.

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. The complaint indicates that Plaintiff understood Aetna to be the previous insurer under the policy, and the Court finds the misjoinder of Hartford to be a harmless mistake, not for the purpose of fraud or delay. *See* DE 1 at 1. As Aetna shares counsel with Hartford, there will be no need for new counsel to become familiar with the case. Aetna also waives service of summons, further

1

indicating Aetna's notice of the claim. *See* DE 12 at 2; *see also Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 108 S. Ct. 404, 409 ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.") (cleaned up) (internal citation omitted). As this case arises under ERISA and invokes federal question jurisdiction, there is no need to address diversity.

Accordingly, the Court finds the requested relief warranted and appropriate under Rule 21. *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("The manner in which a trial court handles misjoinder lies within that court's sound discretion."); *see also* 7 CHARLES ALAN WRIGHT, ARTHUR MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1686 (3d ed. 2001) ("[T]here is no reason why a substitution of parties cannot be made under Rule 21, in the discretion of the court and in the interest of justice, in situations not covered by Rule 25."). The Court **GRANTS** DE 12 and **DISMISSES** without prejudice Hartford as a defendant. The Court further **SUBSTITUTES** Aetna as a defendant and **DIRECTS** the Clerk to amend the case caption.

This the 21st day of March, 2022.

Signed By:
*Robert E. Wier* REW
United States District Judge