**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**EASTERN DIVISION AT LONDON**
**CASE NO. 6:22-cv-00007-REW-HAI**

**MARY WILLIAMS**                                                                 **PLAINTIFF**

**v.**                          **JOINT STATUS REPORT AND DISCOVERY PLAN**

**AETNA LIFE INSURANCE COMPANY**                                  **DEFENDANT**

Plaintiff, Mary Williams, by her attorneys K. Cody Allison and Samuel D. Payne of Cody Allison & Associates, PLLC, and Defendant, Aetna Life Insurance Company ("Aetna"), by its attorney Warren von Schleicher of Smith von Schleicher & Associates, submit their Joint Status Report pursuant to the Court's February 14, 2022 Order:

a)    Samuel D. Payne, for Plaintiff, and Warren von Schleicher for Aetna, participated in a Rule 26(f) conference on March 18, 2022.

b)    Brief description of the facts and issues of the case:  Plaintiff seeks payment of long term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 *et seq*. ("ERISA").  The parties filed a Joint Motion to dismiss Hartford Life and Accident Insurance Company without prejudice and to join Aetna as the proper defendant, which the Court granted on March 21, 2022.  (Doc. 15). There is also the potential issue of the ERISA standard of review (arbitrary and capricious vs. de novo).  Plaintiff contends, based on the situs of the employer/plan sponsor/plan administrator, combined with an Illinois statute/regulation on the language and effects of disability policies, the standard of review should be de novo.

c)    Discovery plan stating the parties' views and proposals on each of the items set forth in Rule 26(f)(3):

1)     <u>Changes to be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:</u>  As this is an ERISA benefits case based on the administrative record, the parties agree that initial disclosures under Fed. R. Civ. P. 26(a) are not required.  Defendant will produce the administrative record on or before April 29, 2022.

2)     <u>Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:</u>

Plaintiff states:   Plaintiff contends that limited discovery may be permitted after an initial showing demonstrating the existence of conflict of interest/bias or violation of due process on the part of the decision-maker, Hartford/Aetna. Moreover, there is the possibility that the parties will disagree as to what constitutes the administrative record.

Defendant states:  Defendant states that this case is properly adjudicated based on the evidence contained in the administrative record.

The Parties agree:  To the extent discovery is permitted, discovery is to be completed by August 12, 2022.

3)     <u>Any issues about disclosure, discovery, or preservation of electronically stored information:</u>  The parties do not anticipate any issues regarding discovery of electronically stored information, and will work cooperatively to resolve issues if they arise.

4)     <u>Any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include the agreement in an order under Federal</u>

2

<u>Rule of Evidence 502:</u>  None.  The parties have not agreed on a procedure to assert these claims after production, but will work cooperatively to resolve issues if they arise.

     5)    <u>Any changes to be made in the limitations on discovery imposed under the federal rules or by local rule, and what other limitations should be imposed:</u>  To the extent discovery is permitted, no changes to the limitations imposed under federal or local rules subject to a party's motion and Court Order.

     6)    <u>Any other orders that the court should issue under Rule 26(c) or Rule 16(b) and (c):</u>  The parties anticipate that the Court will issue a scheduling order based upon this Joint Status Report and Discovery Plan.  Plaintiff also seeks permission and a corresponding order requiring Defendant to file the administrative record under seal. No orders under Rule 26(c) are requested at this time.

    d)    <u>The date the parties will complete the initial disclosures required by Rule 26(a)(1):</u>  As this is an ERISA benefits case based on the administrative record, the parties agree that initial disclosures under Fed. R. Civ. P. 26(a) are not required.  Defendant will produce the administrative record on or before April 29, 2022.

    e)    <u>A proposed discovery plan that includes:</u>

     i)    <u>a description of the subjects that require discovery:</u>

Plaintiff states: Plaintiff contends that limited discovery may be permitted after an initial showing demonstrating the existence of conflict of interest/bias or violation of due process on the part of the decision-maker.  Moreover, there is the possibility that the parties will disagree as to what constitutes the administrative record.

Defendant states:  Defendant maintains that judicial review is limited to the ERISA administrative record and that discovery is improper and should not be permitted.

      ii)     <u>dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery</u>:  To the extent discovery is permitted, discovery to be completed by August 12, 2022

      iii)    <u>any perceived issues regarding maximum number of interrogatories by each party to another party, requests for admission, and/or depositions</u>:  No issues are anticipated.  To the extent discovery is permitted, the limitations imposed by Rule 26 shall apply.

      iv)    <u>dates for exchanging any reports of expert witnesses</u>:  N/A

      v)    <u>dates for supplementations under Rule 26(e)</u>:  N/A

f)    <u>Dates for the plaintiff to amend pleadings or to join parties</u>:  July 15, 2022.

g)    <u>Dates for the defendants to amend pleadings or to join parties</u>:  July 29, 2022.

h)    <u>Dates to file dispositive motions</u>:  November 18, 2022.

i)    <u>The parties' estimate of the time necessary to file pretrial motions including Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists</u>:  N/A.  This is an ERISA matter to be decided on the basis of motions for judgment on the administrative record pursuant to the procedures set forth in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998), and no trial is anticipated.

j)    <u>Final dates to file objections under Rule 26(a)(3)</u>:  N/A

k)    <u>The parties' belief as to whether the matter is suitable for some form of alternative dispute resolution such as mediation</u>:  The parties do not believe that the matter is suitable for alternative dispute resolution at this time.  The parties are engaged in settlement negotiations.

l)    <u>The parties' estimate as to the probable length of trial</u>:  This is an ERISA matter to be decided on the basis of motions for judgment, and no trial is anticipated.

m)      <u>The dates mutually convenient for trial</u>:  This is an ERISA matter to be decided on the basis of motions for judgment, and no trial is anticipated.

n)      <u>Whether the parties desire a scheduling conference before entry of a scheduling order</u>:  The parties do not desire a scheduling conference before entry of a scheduling order.

o)      <u>Whether the parties consent to the jurisdiction of a Magistrate Judge in the matter for all further proceedings, including trial, pursuant to 28 U.S.C. § 636(c)</u>:  The parties do not consent.

Respectfully submitted,

By: */s/ Warren von Schleicher*
Attorney for Defendant,
Aetna Life Insurance Company

Warren von Schleicher (IL-6197189)
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
(312) 541-0300
warren.vonschleicher@svs-law.com

By: */s/ K. Cody Allison* (with permission)
Attorney for Plaintiff,
Mary Williams

K. Cody Allison (#97985)
CODY ALLISON & ASSOCIATES, PLLC
404 James Robertson Pkwy, Suite 1623
Nashville, Tennessee 37219
(615) 234-6000
cody@codyallison.com

## CERTIFICATE OF SERVICE

I certify that on March 21, 2022, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney:

K. Cody Allison
Cody Allison & Associates, PLLC
Parkway Towers
404 James Robertson Pkwy, Suite 1623
Nashville, Tennessee 37219
cody@codyallison.com

> /s/ *Warren von Schleicher*
> SMITH | VON SCHLEICHER + ASSOCIATES
> 180 North LaSalle St. Suite 3130
> Chicago, Illinois 60601
> P 312.541.0300 | F 312.541.0933
> warren.vonschleicher@svs-law.com
> Ill. Bar No. 6197189