**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY,
EASTERN DIVISION AT LONDON
CASE NO. 6:22-cv-00007-REW-HAI**

**MARY WILLIAMS**                                                                           **PLAINTIFF**

**v.**                   **AETNA LIFE INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

**AETNA LIFE INSURANCE COMPANY**                          **DEFENDANT**

Defendant, Aetna Life Insurance Company ("Aetna")[1], by its attorney, Warren von Schleicher of Smith von Schleicher & Associates, submits its Answer to the Complaint filed by plaintiff, Mary Williams ("Plaintiff"):

**Jurisdiction and Venue**

1.      Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Hearthside Food Solutions, LLC's Long Term Disability Plan and corresponding insurance policy (former Aetna Life Insurance Company Policy No.: GP-473390-GI) (hereinafter the "Plan" and the "Policy," respectively); which was (and is) underwritten, administered and/or managed by Hartford for the benefit of certain employees of Hearthside Food Solutions, LLC (hereinafter "Hearthside"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. §1331, which gives District Courts

---

[1] Pursuant to the parties' Joint Motion, the Court's March 21, 2022 Order substituted Aetna as the defendant in place of Hartford Life and Accident Insurance Company in the Complaint and case caption. (Doc. 15).

jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

**ANSWER:** Aetna admits that jurisdiction exists pursuant to 28 U.S.C. §1331 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA"), specifically 29 U.S.C. §§1132(e)(1) and (f), that this lawsuit pertains to Plaintiff's claim for payment of long term disability ("LTD") benefits under an employee welfare benefit plan (the "Plan") pursuant to a group insurance policy, Policy No. GP-473390 (the "Policy") issued by Aetna to the Policyholder Hearthside Food Solutions, LLC (the "Policyholder"), that the Plan provides certain benefits to eligible employees of the Policyholder, and that Aetna is the claims fiduciary for LTD benefits provided under the Plan. Aetna denies the remaining allegations in paragraph 1 of Plaintiff's Complaint.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, i.e., administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, Hartford LTD Claim No.: 18140273.

**ANSWER:** Aetna admits that Plaintiff exhausted her administrative remedies under ERISA and the Plan with respect to her claim for LTD benefits. Aetna denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. Venue is proper in the Eastern District of Kentucky, pursuant to 29 U.S.C. §1132(e)(2) and/or 28 U.S.C. §1391.

**ANSWER:** Aetna admits that venue is proper in the Eastern District of Kentucky, London Division, pursuant to 29 U.S.C. §1132(e)(2). Aetna denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

**Relevant Parties**

4. Ms. Williams lives in London, Kentucky, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place with the Eastern District of Kentucky.

**ANSWER:** Aetna admits that Plaintiff at times resided in London, Kentucky. Aetna denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5. At all times relevant hereto, Ms. Williams was an "employee" of Hearthside, that being her "employer"; as those two terms are defined in 29 U.S.C. §§1002(5) and (6). However, due to her established disability, she last worked at Hearthside on or about June 6, 2018.

**ANSWER:** Aetna admits that for a period of time Plaintiff was an "employee" of the Policyholder as defined by 29 U.S.C. §1002(6), that the Policyholder was an "employer" of Plaintiff as defined by 29 U.S.C. §1002(5), and that Plaintiff ceased working for the Policyholder on June 6, 2018. Aetna denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. At all times relevant hereto, Hearthside was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21).

**ANSWER** Aetna admits that the Policyholder is the Plan Administrator, Plan Sponsor, and a fiduciary, as those terms are defined in 29 U.S.C. §§1002(16)(A)(i), 16(B), and 21(A), respectively, with respect to certain discretionary non-ministerial acts as Plan Administrator. Aetna denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

7. At all times relevant hereto, Defendant Hartford was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Hartford was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21). Here,

3

upon information and belief, Hartford serves as both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Hartford has a financial conflict of interest/bias that may impact the standard of review used by the Court.

**ANSWER:** Aetna admits that it is the claims fiduciary for LTD benefits under the Plan, that Aetna is a "fiduciary" as defined in 29 U.S.C. §1002(21) to the extent it exercises discretionary authority with respect to LTD benefits under the Plan, and that Aetna funds payment of LTD benefits pursuant to the Policy's terms and conditions. Aetna denies the remaining allegations in paragraph 7 of Plaintiff's Complaint.

8. At the times relevant hereto, Defendant Hartford acted as agent for the Plan and for Plan Sponsor/Plan Administrator Hearthside.

**ANSWER:** Aetna denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. Under the Plan, Hearthside delegated or assigned to Defendant Hartford the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

**ANSWER:** Aetna admits that it is the claims fiduciary for LTD benefits provided under the Plan, and that Aetna is a "fiduciary" as defined in 29 U.S.C. §1002(21) to the extent it exercises discretionary authority with respect to LTD benefits and the determination of benefit eligibility provided under the Plan. Aetna denies the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10.     At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. §1002(7).

**ANSWER:**     Aetna admits that the Plan is an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1), and that for a period of time Plaintiff was a "participant" therein as defined by 29 U.S.C. §1002(7).  Aetna denies the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11.     At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

**ANSWER:**     Aetna denies the allegations in paragraph 11 of Plaintiff's Complaint.

12.     The Plan/Policy provides that for the first 24 months that benefits are payable, the test of Disability is whether the insured "cannot perform the material duties of [his or her] own occupation solely because of an illness, injury or disabling pregnancy-related condition…." After benefits have been payable for 24 months, the test for Disability is whether the insured is "unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition."

**ANSWER:**     Aetna admits that incomplete portions of the Plan's Test of Disability is quoted in paragraph 12 of Plaintiff's Complaint.  Aetna denies the remaining allegations in paragraph 12 of Plaintiff's Complaint.

## Statement of Facts

13.     Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

**ANSWER:** Aetna incorporates its answers to paragraph 1 through 12 of Plaintiff's Complaint as though fully restated herein in response to paragraph 13 of Plaintiff's Complaint.

14. Plaintiff is currently 54 years old, and her date of birth is in [*Redacted*] 1967.

**ANSWER:** Aetna admits the allegations in paragraph 14 of Plaintiff's Complaint.

15. Plaintiff worked for Hearthside as a packer, earning hourly wages of approximately $14.75.

**ANSWER:** Aetna admits the allegations in paragraph 15 of Plaintiff's Complaint.

16. Owing to her established medical disability, Ms. Williams's last day of work was, as stated, on or about June 6, 2018.

**ANSWER:** Aetna admits that Plaintiff ceased working for the Policyholder on June 6, 2018. Aetna denies the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: chronic systolic congenital heart failure, vertical tachycardia, dilated cardiomyopathy, intervertebral disc disorder, mid-thoracic and low back issues (history of scoliosis), resulting chronic pain, and difficulty breathing.

**ANSWER:** Aetna admits that Plaintiff at times had certain symptoms and received certain diagnoses. Aetna denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18. After she could no longer perform her work for Hearthside, Ms. Williams was eligible and applied for LTD benefits through Hartford. All told, LTD benefits were awarded from approximately September 4, 2018 through September 4, 2020.

**ANSWER:** Aetna admits that it approved and paid Plaintiff's claim for LTD benefits effective September 5, 2018 through September 4, 2020 pursuant to the Plan's Test of Disability

applicable during the first 24 months of Disability. Aetna denies the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19. As of that date (or September 5, 2020), however, Hartford terminated the claim and has refused to pay any further benefits, this despite due appeal(s) by or on behalf of Plaintiff.

**ANSWER:** Aetna admits that it notified Plaintiff, by letters dated August 14, 2020 and September 2, 2021, of its determination that she was not eligible for LTD benefits under the Plan's Test of Disability applicable after 24 months of payments effective September 5, 2020. Aetna denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. Hartford's final denial letter was dated September 2, 2021 (*see also*, Hartford's letter dated September 10, 2020).

**ANSWER:** Aetna admits that by letter dated September 2, 2021, Hartford upheld its determination on administrative appeal that Plaintiff was not eligible for LTD benefits under the Plan's Test of Disability applicable after 24 months of payments effective September 5, 2020. Aetna denies the remaining allegations in paragraph 20 of Plaintiff's Complaint.

21. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

**ANSWER:** Aetna admits that for a period of time the Policy has been in force and premiums paid. Aetna denies the remaining allegations in paragraph 21 of Plaintiff's Complaint.

22. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

**ANSWER:** Aetna denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. At all times relevant hereto, i.e., at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

**ANSWER:** Aetna denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Also, Ms. Williams has been found to qualify for Social Security disability (SSD) benefits. By Notice of Award dated January 21, 2019, Ms. Williams was found disabled by the Social Security Administration – effective as of June 6, 2018. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

**ANSWER:** Aetna admits that Plaintiff has been awarded Social Security disability income ("SSDI") benefits by the Social Security Administration ("SSA") pursuant to the rules and regulations applicable to the SSA, and that the SSA sent a notice of award letter to Plaintiff dated January 21, 2018. Aetna denies the remaining allegations in paragraph 24 of Plaintiff's Complaint.

25. Under any ERISA standard of review that may apply, the position taken by Hartford in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Hartford were wrong, as well as arbitrary and capricious, under the circumstances presented.

**ANSWER:** Aetna denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Further, Hartford's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. §1133(2); 29 C.F.R. §2560.503-1.

**ANSWER:** Aetna denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

**ANSWER:** Aetna denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

**ANSWER:** Aetna denies the allegations in paragraph 28 of Plaintiff's Complaint.

**Causes of Action**
**Count I – ERISA/Statutory Claims**

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

**ANSWER:** Aetna incorporates its answers to paragraph 1 through 28 of Plaintiff's Complaint as though fully restated herein in response to paragraph 29 of Plaintiff's Complaint.

30. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§1001, *et seq*., in

9

particular 29 U.S.C. §1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

**ANSWER:** Aetna admits that Plaintiff brings her claim under 29 U.S.C. §1132(a)(1)(B). Aetna denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Plaintiff failed to satisfy the conditions precedent for payment of LTD benefits under the terms and conditions of the Plan, including without the limitation that she was unable to work at any Reasonable Occupation solely because of an illness, injury or disabling pregnancy-related condition.

2. Plaintiff failed to satisfy the conditions precedent for payment of LTD benefits under the terms and conditions of the Plan, including without limitation the requirement that she provide Proof of Loss that she meets the Plan's any Reasonable Occupation Test of Disability.

3. No LTD benefits are payable under the Plan beyond the date Plaintiff was no longer under the Regular Care of a Physician, or the date Plaintiff refused to receive recommended treatment that is generally acknowledged by Physicians to cure, correct or limit her purported disabling condition.

4. In the event that Plaintiff is adjudicated to be eligible to receive LTD benefits under the Plan (which Aetna expressly denies), such recovery is subject to all terms and limitations of the Plan, including offset and reduction for Other Income Benefits including but not limited to primary and dependent SSDI benefits, and the Plan's provision for Overpayment Recovery.

5. In the event that Plaintiff is adjudicated to be eligible to receive LTD benefits under the Plan (which Aetna expressly denies), such recovery is subject to all terms and

limitations of the Plan including the 24 month maximum benefit period applicable to a Disability because of mental illness.

6. Plaintiff fails to state a cognizable claim upon which relief may be granted with respect to her demand that "the Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future." No actual case or controversy exists with respect to Plaintiff's alleged entitlement to future benefits under the Plan, and Plaintiff has not satisfied all conditions precedent for payment of benefits under the Plan in the future, including but not limited to the Plan's applicable Test of Disability, Proof of Loss, and Additional Proof of Loss.

7. Aetna is entitled to recover and hereby requests an award of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g).

8. Aetna reserves the right to assert additional defenses, including those that become known in the course of this litigation.

WHEREFORE, Defendant, Aetna Life Insurance Company, respectfully requests entry of judgment in its favor, dismissal of Plaintiff's Complaint with prejudice, and an award of its costs and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g) and the Federal Rules of Civil Procedure.

Respectfully submitted,

Warren von Schleicher (IL-6197189)  
SMITH | VON SCHLEICHER + ASSOCIATES  
180 North LaSalle St. Suite 3130  
Chicago, Illinois 60601  
P  312.541.0300  |  F  312.541.0933  
warren.vonschleicher@svs-law.com

By: */s/ Warren von Schleicher*  
Attorney for Defendant,  
Aetna Life Insurance Company

## CERTIFICATE OF SERVICE

I certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney:

K. Cody Allison
Cody Allison & Associates, PLLC
Parkway Towers
404 James Robertson Pkwy, Suite 1623
Nashville, Tennessee 37219
cody@codyallison.com

*/s/ Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
warren.vonschleicher@svs-law.com
Ill. Bar No. 6197189